IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG

**MITCHELL PERKINS,**
    **Petitioner,**

v.           **CIVIL ACTION NO.: 3:18-CV-140**

**F. ENTZEL, Warden,**
    **Respondent.**

## REPORT AND RECOMMENDATION

### I.   INTRODUCTION

On August 31, 2018, Petitioner acting *pro se* filed a Petition for Habeas Corpus Pursuant to 28 U.S.C. § 2241 (the "Petition").  ECF No. 1.[1]  Petitioner is a federal inmate housed at Hazelton FCI who is challenging his conviction.  Petitioner also filed with his petition a 17-page typewritten document entitled "Perkins Moves Through the Savings Clause to File Under § 2241".  ECF No. 1-1.  On October 17, 2018, Petitioner filed a memorandum styled "Perkins Re-Files his Memorandum in Accordance with the Court's September 24, 2018 Order, Dk # * 7".  ECF No. 9.

The matter is now before the undersigned for a Report and Recommendation to the District Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and LR PL P 2. For the reasons set forth below, the undersigned recommends that the Petition be denied and dismissed.

---

[1] All ECF numbers refer to entries in the docket of Civil Action No. 3:18-CV-140, unless otherwise noted.

## II.    FACTS

### A.    Conviction and Sentence[2]

On May 8, 2013, in the United States District Court for the Northern District of Ohio, a two count indictment was returned against Petitioner charging him with armed bank robbery in violation of 18 U.S.C. § 2113(a) and (d) and 2, and use of brandishment of a firearm during the commission of a felony offense in violation of 18 U.S.C. § 924(c)(1)(A)(ii).  ECF No. 14.  On August 21, 2013, by way of a plea agreement, Petitioner entered his guilty plea to Counts 1 and 2 of the indictment.  ECF No. 28.

On December 5, 2013, Petitioner was sentenced to 58 months of imprisonment on Count 1 and to 84 months of imprisonment on Count 2, to run consecutively to one another.  ECF No. 36 at 2.  Petitioner did not appeal.

Petitioner filed a motion to vacate pursuant to 28 U.S.C. § 2255 on June 17, 2016.  ECF No. 37.  The District Court, on March 22, 2017[3], entered a memorandum opinion and order denying the motion to vacate.  ECF No. 41.  The Court noted that the argument raised by Petitioner was that his conviction under 18 U.S.C. § 924(c) for using a firearm during a crime of violence under Count 2 was rendered unconstitutional by the decision in Johnson v. United States, 135 S.Ct. 2552 (2015).  Id. at 1.  The District Court rejected Petitioner's argument, finding that Petitioner was not sentenced under the Armed Career Criminal Act ("ACCA"), and that "because Johnson affected only the application of the residual clause language in the ACCA, Johnson has no arguable

---

[2] The facts in section II are taken from Petitioner's criminal case, Case Number 1:13-CR-245 in the United States District Court for the Northern District of Ohio, available on PACER.  Unless otherwise noted, the ECF entries in section II.A. refer to that criminal case.  Philips v. Pitt Cnty. Mem. Hosp., 572 F.3d 176, 180 (4th Cir. 2009) (courts "may properly take judicial notice of public record); Colonial Penn. Ins. Co. v. Coil, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the contents of court records.'").

[3] The Order is dated March 22, 2017, but was not filed with the Clerk until March 23, 2017.

2

effect on the validity of Mr. Perkins' conviction." Id. at 2.

On September 4, 2018, Petitioner filed an appeal with the United States Court of Appeals for the Sixth Circuit in that court's docket number 18-3835. U.S.C.A. 6th Cir. 18-3835, ECF No. 1-2. The appeal form shows that Petitioner executed the document on August 20, 2018. Id. at 4. Therein, Petitioner explained that he did not previously appeal the denial of relief from the District Court because, "[a]t that time this Court reasoning was that Johnson did not apply to § 924(c)(3)(B), which has been abrogated by Dimaya." Id. at 3. Petitioner's appeal with the Sixth Circuit remains pending.

**B.     Instant 2241 Petition**

The petition was filed on August 31, 2018 [ECF No. 1], accompanied by a 17-page memorandum of law [ECF No. 1-1] and a motion [ECF No. 2] for leave to file excess pages. The Certificate of Service signed by Petitioner states that he prepared the Petition on August 20, 2018, the same date he prepared his appeal to the Sixth Circuit Court of Appeals. ECF No. 1 at 10. On September 24, 2018, the Court granted in part the motion to exceed page limitation, and directed the Petitioner to refile his memorandum of law in a document not to exceed 10 pages. On October 17, 2018, Petitioner filed a memorandum styled "Perkins Re-Files his Memorandum in Accordance with the Court's September 24, 2018 Order, Dk # * 7". ECF No. 9.

The Petitioner's sole claim for relief is that in light of the holding of Sessions v. Dimaya, 138 S.Ct. 1204 (2018), that 28 U.S.C. § 924(c) is unconstitutionally vague, making Petitioner actually innocent. ECF No. 1 at 5. For relief, Petitioner asserts that he is actually innocent of a crime of violence and requests his conviction be invalidated. Id. at 8. In his memorandum filed on October 17, 2018, Petitioner asserts that he is

entitled to relief under the holding of Dimaya.  Therein, Petitioner concedes that:

> It is undisputed that Perkins recently sought permission in the Sixth Circuit to file under Dim[aya] but as the record and docket shows the Government has indicated that since the Supreme Court did not specifically make Dim[aya] retroactive Perkins cannot satisfy the gate-keeping requirements.  Dim[aya] was issued after Perkins filed his initial 2255, and he cannot seek review in a second or successive motion under § 2244.

ECF No. 9 at 6.

### III.    LEGAL STANDARD

#### A.    Review of Petitions for Relief

Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and the Court's Local Rules of Prisoner Litigation Procedure, this Court is authorized to review such petitions for relief and submit findings and recommendations to the District Court. This Court is charged with screening Petitioner's case to determine if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing Section 2254 Cases in the U.S. District Courts; see also Rule 1(b) Rules Governing Section 2254 Cases in the U.S. District Courts (a district court may apply these rules to a habeas corpus petition not filed pursuant to § 2254).

#### B.    Pro Se Litigants.

Courts must read *pro se* allegations in a liberal fashion and hold those pro se pleadings "to less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520 (1972).  Pursuant to 28 U.S.C. § 1915A(b), the Court is required to perform a judicial review of certain suits brought by prisoners and


must dismiss a case at any time if the Court determines that the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. A complaint is frivolous if it is without arguable merit either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989) (superseded by statute). The Supreme Court in Neitzke recognized that:

> Section 1915(d)[4] is designed largely to discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate because of the costs of bringing suit and because of the threat of sanctions for bringing vexatious suits under Federal Rule of Civil Procedure 11. To this end, the statute accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless.

490 U.S. at 327.

### C. Post-Conviction Remedies and Relief

Prisoners seeking to challenge the validity of their convictions or their sentences are required to proceed under § 2255 in the district court of conviction. By contrast, a petition for writ of habeas corpus, pursuant to § 2241, is intended to address the execution of a sentence, rather than its validity, and is to be filed in the district where the prisoner is incarcerated. "In a § 2241 petition a prisoner may seek relief from such things as the administration of his parole, computation of his sentence by parole officials, disciplinary actions taken against him, the type of detention, and prison

---

[4] The version of 28 U.S.C. § 1915(d) which was effective when Neitzke was decided provided, "The court may request an attorney to represent any such person unable to employ counsel and may dismiss the case if the allegation of poverty is untrue, or if satisfied that the action is frivolous or malicious." As of April 26, 1996, the statute was revised and 28 U.S.C. § 1915A(b) now provides, "On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint-- (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief."

conditions in the facility where he is incarcerated." Adams v. United States, 372 F.3d 132, 135 (2d Cir. 2004).

## IV. ANALYSIS

Petitioner concedes in his Memorandum filed October 17, 2018, that he has a post-conviction appellate proceeding pending in the United States Court of Appeals for the Sixth Circuit. ECF No. 9 at 6. That proceeding was prepared on the same date that this petition was prepared, August 20, 2018. ECF No. 1 at 10, U.S.C.A. 6th Cir. 18-3835, ECF No. 4. In the instant petition filed pursuant to § 2241, Petitioner seeks exactly the same relief he seeks in the Sixth Circuit Court of Appeals, via a different route. The challenge to Petitioner's conviction is more appropriately considered under a § 2255 proceeding, the relief Petitioner seeks in the Sixth Circuit by filing his application to file a second or successive § 2255 motion to vacate. It has long been recognized in this Circuit that courts should not rule upon issues when another court already exercises jurisdiction of those same matters. Aetna Cas. & Sur. Co. v. Quarles, 92 F.2d 321, 325–26 (4th Cir. 1937) ("The court will refuse [to rule] where another court has jurisdiction of the issue, where a proceeding involving identical issues is already pending in another tribunal, where a special statutory remedy has been provided, or where another remedy will be more effective or appropriate under the circumstances.")

Accordingly, it is clear on the face of the petition that this court lacks jurisdiction, because the matters addressed and relief sought are already under consideration by the Sixth Circuit Court of Appeals, in an appeal of the previously denied § 2255 motion

to vacate filed by Petitioner in the Northern District of Ohio, which court has not yet ruled on that pending motion.

## V.  RECOMMENDATION

For the foregoing reasons, the undersigned **RECOMMENDS** that the Petition for Habeas Corpus Pursuant to 28 U.S.C. § 2241 [ECF No. 1] be **DENIED** and that the § 2241 proceeding be **DISMISSED WITHOUT PREJUDICE**.

Within fourteen (14) days after being served with a copy of this report and recommendation, any party may file with the Clerk of Court written objections. Objections shall identify each portion of the magistrate judge's recommended disposition that is being challenged and shall specify the basis for each objection. Objections shall not exceed ten (10) typewritten pages or twenty (20) handwritten pages, including exhibits, unless accompanied by a motion for leave to exceed the page limitation, consistent with LR PL P 12.  A copy of any objections shall also be submitted to the Honorable Gina M. Groh, United States District Judge. Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Report and Recommendation completes the referral from the District Court. The Clerk is directed to terminate the Magistrate Judge's association with the case.

The Clerk is directed to provide a copy of this Report and Recommendation to the

parties who appear *pro se* and all counsel of record, as applicable, as provided in the Administrative Procedures for Electronic Case Filing in the United States District Court for the Northern District of West Virginia.

**DATED:** October 18, 2018

_____
ROBERT W. TRUMBLE
UNITED STATES MAGISTRATE JUDGE